FILED
CLERK U.S. DISTRICT COURT
17 MAR 03 PM 3: 24
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

John A. Adams (0023)
Mark W. Pugsley (8253)
**RAY QUINNEY & NEBEKER**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145
Telephone: (801) 532-1500
Facsimile: (801) 532-7543

*[Proposed] Liaison Counsel*

Andrew L. Barroway
Stuart L. Berman
Darren J. Check
**SCHIFFRIN & BARROWAY, LLP**
Three Bala Plaza East, Suite 400
Bala Cynwyd, Pennsylvania 19004
Telephone: (610) 667-7706
Facsimile: (60) 667-7056

*[Proposed] Lead Counsel*

IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF UTAH, CENTRAL DISTRICT

| | |
|---|---|
| DEBORAH ANDERTON, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CLEARONE COMMUNICATIONS, INC., FRANCES M. FLOOD, and SUSIE STROHM,<br><br>Defendants. | MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RONALD C. HOLEC TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF, AND FOR APPROVAL OF LEAD PLAINTIFF'S <u>SELECTION OF LEAD COUNSEL</u> <u>AND LIAISON COUNSEL</u><br><br>Civil No. 2:03cv62<br>Judge Paul G. Cassell |

[Caption Continued]

| | |
|---|---|
| NANCY MOORE-WARNER, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>vs.<br><br>CLEARONE COMMUNICATIONS F/K/A GENTNER COMMUNICATIONS, FRANCES M. FLOOD, SUSIE STROHM, and RANDALL J. WICHINSKI,<br><br>                Defendants. | Civil No. 2:03cv84<br><br>Judge Paul G. Cassell |
| JOHN ROBINSON, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br>vs.<br><br>CLEARONE COMMUNICATIONS, INC., FRANCES M. FLOOD, and SUSIE STROHM,<br><br>                Defendants. | Civil No. 2:03cv87<br><br>Judge Paul G. Cassell |
| ANDREW KORCHAK, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br>vs.<br><br>CLEARONE COMMUNICATIONS F/K/A GENTNER COMMUNICATIONS, FRANCES M. FLOOD, SUSIE STROHM, and RANDALL J. WICHINSKI,<br><br>                Defendants. | Civil No. 2:03cv110<br><br>Judge Tena Campbell |

[Caption Continued]

| | |
|---|---|
| JOSEPH GOLDMAN, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>CLEARONE COMMUNICATIONS, INC., FRANCES M. FLOOD, and SUSIE STROHM,<br><br>             Defendants. | Civil No. 2:03cv111<br><br>Judge Ted Stewart |
| PINCUS SCHWARTZ, on behalf of himself and all others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>CLEARONE COMMUNICATIONS, INC., FRANCES M. FLOOD, and SUSIE STROHM,<br><br>             Defendants. | Civil No. 2:03cv136<br><br>Judge Ted Stewart |
| CAROLYN CUSSEN, on behalf of herself and all others similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>CLEARONE COMMUNICATIONS, INC., FRANCES M. FLOOD, and SUSIE STROHM,<br><br>             Defendants. | Civil No. 2:03cv150<br><br>Judge Paul G. Cassell |

[Caption Continued]

| | |
|---|---|
| ANDREW BLOOM, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>  vs.<br><br>CLEARONE COMMUNICATIONS, INC., FRANCES M. FLOOD, and SUSIE STROHM,<br><br>            Defendants. | Civil No. 2:03cv166<br><br>Judge Bruce S. Jenkins |
| CRAIG BERGMANN, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>  vs.<br><br>CLEARONE COMMUNICATIONS, INC., FRANCES M. FLOOD, and SUSIE STROHM,<br><br>            Defendants. | Civil No. 2:03cv178<br><br>Judge David Sam |

# TABLE OF CONTENTS

      **Page**

PRELIMINARY STATEMENT ..................................................................................1

INTRODUCTION .........................................................................................................1

PROCEDURAL BACKGROUND................................................................................3

STATEMENT OF FACTS ............................................................................................3

ARGUMENT..................................................................................................................4

    I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED..............................4

    II. THE PROPOSED LEAD PLAINTIFF SHOULD BE APPOINTED
        LEAD PLAINTIFF................................................................................................5

        A.  The Proposed Lead Plaintiff Has Satisfied The Procedural
            Requirements Pursuant To The PSLRA ........................................................5

        B.  The Proposed Lead Plaintiff Constitutes The "Most Adequate Plaintiff".........6

            1.  The Proposed Lead Plaintiff Has Made A Motion For
                His Appointment As Lead Plaintiff................................................................7

            2.  The Proposed Lead Plaintiff Has The Largest Financial Interest ............8

            3.  The Proposed Lead Plaintiff Otherwise Satisfies Rule 23 ........................8

                a.  The Proposed Lead Plaintiff Fulfills The Typicality Requirement........9

                b.  The Proposed Lead Plaintiff ulfills The Adequacy Requirement........10

III. THE COURT SHOULD APPROVE THE PROPOSED
LEAD PLAINTIFF'S CHOICE OF COUNSEL ...............................................11

CONCLUSION................................................................................................................12

**PRELIMINARY STATEMENT**

ClearOne Communications, Inc. investor Ronald C. Holec (the "Proposed Lead Plaintiff" or "Movant"), has sustained losses totaling approximately $800,694. Accordingly, the Proposed Lead Plaintiff is believed to have suffered the largest financial loss of any other Movant, and, as such, has the largest financial interest in the outcome of this litigation. As the most adequate plaintiff, as defined by Private Securities Litigation Reform Act of 1995 ("PSLRA"), Movant hereby moves for his appointment as Lead Plaintiff of a proposed class of persons or entities who purchased or acquired the securities of ClearOne Communications, Inc. ("ClearOne" or the "Company") between January 1, 2001 and January 15, 2003, inclusive (the "Class Period").

**INTRODUCTION**

The above-captioned actions (collectively, the "Related Actions") are securities purchaser class action lawsuits that have been brought against certain officers and/or directors of the Company alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule 10b-5 promulgated thereunder.

The Proposed Lead Plaintiff, with losses of approximately $800,694, in connection with his purchases of ClearOne securities during the Class Period, is suitable and adequate to serve as

1

Class representative.[1] The Proposed Lead Plaintiff's losses represent the largest known financial losses of any Class member(s) seeking to be appointed as lead plaintiff. See Check Aff. at Exhibit C.[2] Movant is not aware of any other class member that has filed an action or filed an application for appointment as Lead Plaintiff that sustained greater financial losses. In addition, Movant satisfies each of the requirements of the PSLRA and Rule 23 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") and therefore, is qualified for appointment as Lead Plaintiff in these actions. Thus, as demonstrated herein, Movant is presumptively the most adequate Plaintiff and should be appointed Lead Plaintiff.

The Proposed Lead Plaintiff respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78u-4 (a)(3)(B), as amended by the PSLRA, for an order: (1) consolidating all class actions concerning the subject matters of these actions pursuant to Fed. R. Civ. P. 42(a); (2) appointing Ronald C. Holec to serve as Lead Plaintiff pursuant to Section 21D of the Exchange Act; (3) approving the Proposed Lead Plaintiff's selection of Schiffrin & Barroway, LLP as Lead

---

[1] The losses suffered by Movant are not the same as his legally compensable damages, measurement of which is often a complex legal question which cannot be determined at this stage of the litigation. The approximate losses can, however, be determined from the certification required under Section 21D of the Exchange Act, 15 U.S.C. §78u-4(a)(2)(A) and based upon reference to information concerning the current market for the Company's securities.

[2] The Proposed Lead Plaintiff's sworn Certification documenting his transactions pursuant to the federal securities laws is attached as Exhibit A to the Affidavit of Darren J. Check In Support Of Motion Of Ronald C. Holec To Consolidate Actions, To Be Appointed Lead Plaintiff And For Approval Of Lead Plaintiff's Selection Of Lead Counsel and Liaison Counsel (the "Check Aff.").

2

Counsel for the Class; (4) and approving the Proposed Lead Plaintiff's selection of Ray Quinney & Nebeker as Liaison Counsel for the Class.

## PROCEDURAL BACKGROUND

The first of the Related Actions was commenced on or about January 16, 2003. Pursuant to 15 U.S.C. §78u-4(a)(3)(A)(I), on January 17, 2003, the first notice that a class action had been initiated against defendants was published over a widely circulated national business-oriented wire service advising members of the proposed class of their right to move the Court to serve as lead plaintiff no later than March 17, 2003. See Check Aff. at Exhibit B.

The Proposed Lead Plaintiff is a class member (see Check Aff. at Exhibit A) and is filing this motion within the 60 day period following publication of the January 17, 2003 notice pursuant to Section 21D of the PSLRA.

## STATEMENT OF FACTS[3]

ClearOne is a Utah corporation with its principal executive offices located in Salt Lake City, Utah. ClearOne is a provider of end-to-end conferencing solutions which primarily manufactures and sells products, such as audio conferencing products, video conferencing products, sound reinforcement products and video conferencing peripherals.

Throughout the Class Period, defendants engaged in "channel-stuffing." ClearOne

---

[3] These facts were derived from the allegations contained in the class action entitled *Moore-Warner v. ClearOne Communications, et al.*, Civil No. 03cv84.

3

recognized revenue from product sales and booked accounts receivable at the time the products were shipped from the Company's warehouse. At the end of each quarter, when the Company realized that it was not going to meet its revenue and sales projections, ClearOne would "stuff" the distribution channels and enter into secret agreements with resellers or distributors. Defendant Frances Flood ("Flood") would instruct ClearOne's Director of Manufacturing to increase manufacturing during the last week of each quarter to produce enough products to meet projections. Flood would then communicate with the Company's distributors and tell them how much product they needed to accept in order for ClearOne to meet projections. Furthermore, the distributors did not have to pay for the merchandise until it was sold to third parties.

On September 26, 2002, ClearOne announced that it would lay-off 20% of its work force, "as a proactive measure to be competitive and remain competitive. . . ." On this news, ClearOne's stock price plummeted from $8.89 per share on September 25, 2002 to $4.49 per share on September 26, 2002. Additionally, on January 15, 2003, the SEC, Salt Lake District Office, filed a complaint against ClearOne.

## ARGUMENT

1.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Each of the Related Actions involves class action claims on behalf of class members who purchased or otherwise acquired ClearOne securities during the Class Period. Each of the Related Actions asserts essentially similar and overlapping class claims brought on behalf of

4

purchasers of ClearOne securities who purchased in reliance of the materially false and misleading statements and omissions at all relevant times. Consolidation is appropriate when, as here, there are actions involving common questions of law or fact. See Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 42(a); Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir.), cert. denied, 498 U.S. 920 (1990). That test is met here. Therefore, these Related Actions should be consolidated.

## II. THE PROPOSED LEAD PLAINTIFF SHOULD BE APPOINTED LEAD PLAINTIFF

### A. The Proposed Lead Plaintiff Has Satisfied The Procedural Requirements Pursuant To The PSLRA

The PSLRA sets forth a detailed procedure for the selection of a lead plaintiff to oversee securities class actions brought pursuant to the Federal Rules of Civil Procedure. See 15 U.S.C. §78u-4(a)(3).

First, the plaintiff who files the initial action must, within 20 days of filing the action, publish a notice to the class informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(I). Plaintiff in the first-filed action published a notice on *Business Wire* on January 17, 2003. See Check Aff. at Exhibit B.[4] This

---

[4] The *Business Wire* is a suitable vehicle for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." See generally In re Nice Systems Sec. Litig., 188 F.R.D. 206, 215 (D.N.J. 1999); Greebel v. FTP Software, Inc., 939 F. Supp. 57, 62-64 (D. Mass. 1996); Lax v. First Merchants Acceptance Corp., 1997 U.S. Dist. LEXIS 11866 at *2 (N.D. Ill. Aug. 6,1997).

5

notice indicated that applications for appointment as lead plaintiff were to be made no later than March 17, 2003.

Within 60 days after publication of the required notice, any member or members of the proposed class may apply to the Court to be appointed as lead plaintiff(s), whether or not they have previously filed a complaint in this action. 15 U.S.C. §78u-4(a)(3)(A) and (B).

B. <u>The Proposed Lead Plaintiff Constitutes The "Most Adequate Plaintiff"</u>

According to the PSLRA, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member of the class that the Court determines to be most capable of adequately representing the interests of class members within 90 days after publication of the initial notice of pendency. 15 U.S.C. §78u-4(a)(3)(B)(I). In determining who is the "most adequate plaintiff," the Act provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that-
>
> (aa) has either filed the complaint or made a motion in response to a notice . . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure [pertaining to class actions].

15 U.S.C. §78u-4(a)(3)(B)(iii). <u>See generally</u> <u>Greebel</u>, 939 F. Supp. at 64; <u>Lax</u>, 1997 U.S. Dist. LEXIS 11866 at *7.

In applying this presumption, the Proposed Lead Plaintiff is demonstrably the most adequate plaintiff. He has timely filed his motion to be appointed lead plaintiff along with his certification attesting to his transactions in ClearOne securities during the Class Period. See Check Aff. at Exhibit A. In addition, the Proposed Lead Plaintiff, with losses totaling approximately $800,694 as a result of his Class Period purchases of ClearOne securities, has the largest known financial interest in the relief sought by this action among class members filing motions for appointment as lead plaintiff. See Check Aff. at Exhibit C. Indeed, the losses sustained by investor Ronald C. Holec is believed to be representative of the single largest financial interest in this action. Moreover, the Proposed Lead Plaintiff has selected and retained competent and experienced counsel to represent him and the Class. See Check Aff. at Exhibits D and E.

Accordingly, the Proposed Lead Plaintiff has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and respectfully submits that his application for appointment as Lead Plaintiff and his selection of Lead Counsel and Liaison Counsel should be approved by the Court.

### 1. The Proposed Lead Plaintiff Has Made A Motion For His Appointment As Lead Plaintiff

Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the notice, the Proposed Lead Plaintiff timely moves this Court to be appointed

Lead Plaintiff on behalf of all plaintiffs and class members covered by the Related Actions and any other actions deemed related by this Court.

### 2. The Proposed Lead Plaintiff Has The Largest Financial Interest

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), the court shall appoint as lead plaintiff the class member who represents the largest financial interest in the relief sought by the action. As is demonstrated herein, the Proposed Lead Plaintiff has the largest known financial interest in the relief sought by the Class and accordingly, is presumed to be the "most adequate plaintiff."

### 3. The Proposed Lead Plaintiff Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and

adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. Fischler v. Amsouth Bancorporation, 1997 U.S. Dist. LEXIS 2875 at *7-8 (M.D. Fla. Feb. 6, 1997); Lax, 1997 U.S. Dist. LEXIS 11866 at *20. As detailed below, the Proposed Lead Plaintiff satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as lead plaintiff.

      a.      The Proposed Lead Plaintiff Fulfills
            The Typicality Requirement

Under Rule 23(a)(3), the claims or defenses of the representative party must be typical of those of the class. Typicality exists if claims "arise from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." See In re Drexel Burnham Lambert Group, Inc., 960 F.2d 285, 291 (2d Cir. 1992), cert. dismissed sub nom., 506 U.S. 1088 (1993); Eisenberg v. Gagnon, 766 F.2d 770, 786 (3d Cir. 1985), cert. denied, 474 U.S. 946 (1985). However, the claims of the class representatives need not be identical to the claims of the class to satisfy typicality. Instead, the Courts have recognized that:

> The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members. Thus, similarity of legal theory may control even in the face of differences of fact.

De La Fuente v. Stokely-Van Camp,Inc., 713 F.2d 225, 232 (7th Cir. 1983) (citations omitted); see also Halperin v. Nichols, Safina, Lerner & Co., No. 94 C 6960, 1996 U.S. Dist. LEXIS 16111, *13-14 (N.D. Ill. October 28, 1996).

9

The Proposed Lead Plaintiff seeks to represent a class of purchasers of ClearOne securities which have identical, non-competing and non-conflicting interests. The Proposed Lead Plaintiff satisfies the typicality requirement because, just like all other class members, he: (1) purchased or acquired ClearOne securities during the Class Period; (2) at prices allegedly artificially inflated by defendants' materially false and misleading statements and/or omissions; and (3) suffered damages thereby. Thus, the Proposed Lead Plaintiff's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events.

      b.  The Proposed Lead Plaintiff Fulfills
         The Adequacy Requirement

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the Proposed Lead Plaintiff to represent the Class to whether there are any conflicts between the interests of the Proposed Lead Plaintiff and the members of the Class. 15 U.S.C. §78u-4(a)(3)(B)(iii). The Proposed Lead Plaintiff is an adequate representative of the Class. The interests of the Proposed Lead Plaintiff are clearly aligned with the members of the putative Class, and there is no evidence of any antagonism between their respective interests. As detailed above, the Proposed Lead Plaintiff shares common questions of law and fact with the members of the Class and his claims are typical of the claims of other class members. Further, the Proposed Lead Plaintiff already has taken significant steps demonstrating that he has and will protect the interests of the Class: he has executed a certification detailing his Class Period transactions and expressing his willingness to serve as a class representative; he has moved this

Court to be appointed as lead plaintiff in this action; and he has retained competent and experienced counsel who, as shown below, will be able to conduct this complex litigation in a professional manner. See generally Lax, 1997 U.S. Dist. LEXIS 11866 at 21-25. Furthermore, the Proposed Lead Plaintiff has the largest known financial interest so that his "financial stake in the litigation provides an adequate incentive for the [Proposed Lead Plaintiff] to vigorously prosecute the action." In re Milestone Scientific, 183 F.R.D. at 416. Thus, the Proposed Lead Plaintiff prima facie satisfies the typicality (Rule 23(a)(3)) and adequacy (Rule 23(a)(4)) requirements of Rule 23 of the Federal Rules of Civil Procedure.

Clearly, the Proposed Lead Plaintiff satisfies all prongs of the Exchange Act's prerequisites for appointment as Lead Plaintiff in this action pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii).

## III.    THE COURT SHOULD APPROVE THE PROPOSED LEAD PLAINTIFF'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C §78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and retain counsel to represent the Class. In that regard, the Proposed Lead Plaintiff has selected and retained Schiffrin & Barroway, LLP to serve as Lead Counsel for the Class and Ray Quinney & Nebeker to serve as Liaison Counsel for the Class. These firms have extensive experience in prosecuting complex securities actions and are well qualified to represent the Class. See Check Aff. at Exhibits D and E.

11

Because there is nothing to suggest that the Proposed Lead Plaintiff or his counsel will not fairly and adequately represent the Class, or that the Proposed Lead Plaintiff is subject to unique defenses -- which is the only evidence that can rebut the presumption of adequacy under the Act -- this Court should appoint Ronald C. Holec as Lead Plaintiff and approve his selection of Schiffrin & Barroway, LLP as Lead Counsel for the Class and Ray Quinney & Nebeker as Liaison Counsel for the Class.

## CONCLUSION

For the foregoing reasons, the Proposed Lead Plaintiff respectfully requests that the Court: (a) consolidate for all purposes the Related Actions against defendants; (b) appoint Ronald C. Holec as Lead Plaintiff; (c) approve Schiffrin & Barroway, LLP as Lead Counsel for the Class; and (d) approve Ray Quinney & Nebeker as Liaison Counsel for the Class.

DATED this 17th day of March, 2003.

Respectfully submitted,

RAY QUINNEY & NEBEKER

By: _____
John A. Adams (0028)
Mar W. Pugsley (8253)
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145
Telephone: (801) 532-1500
Facsimile: (801) 532-7543

*[Proposed] Liaison Counsel*

12

                    **SCHIFFRIN & BARROWAY, LLP**
                    Andrew L. Barroway
                    Stuart L. Berman
                    Darren J. Check
                    Three Bala Plaza East, Suite 400
                    Bala Cynwyd, Pennsylvania  19004
                    Telephone:  (610) 667-7706
                    Facsimile: (610) 667-7056

699408                  *[Proposed]  Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of March, 2003, a true and correct copy of

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF RONALD C. HOLEC TO CONSOLIDATE ACTIONS, TO BE APPOINTED LEAD PLAINTIFF, FOR APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL**

was served by United States mail, postage prepaid, to the following:

Rodney G. Snow
Neil A. Kaplan
**CLYDE, SNOW, SESSIONS
& SWENSON, P.C.**
201 South Main Street, 13th Floor
Salt Lake City, Utah 84111-2216
Phone: 322-2516

Milo Steven Marsden
**BENDINGER, CROCKETT, PETERSON
& CASEY**
170 South Main Street, Suite 400
Salt Lake City, Utah 84111
Phone: 533-8383

Max Wheeler
Richard A. Van Wagoner
**SNOW, CHRISTENSEN & MARTINEAU**
10 Exchange Place, 11th Floor
Post Office 45000
Salt Lake City, Utah 84145-500
Phone: 521-9000

699408

14