MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
HELEN J. HODGES
KATHLEEN A. HERKENHOFF
ELLEN GUSIKOFF STEWART
ELIZABETH J. ARLEO
THOMAS E. GLYNN
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
  – and –
PATRICK J. COUGHLIN
100 Pine Street, Suite 2600
San Francisco, CA  94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs



ORIGINAL

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEBORAH ANDERTON, Individually and on Behalf of All Others Similarly Situated, ) ) ) Plaintiff, ) ) vs. ) ) CLEARONE COMMUNICATIONS, INC., et al., ) ) Defendants. ) ) | Master File No. 2:03-CV-0062-PGC **(Consolidated)** <br><br> CLASS ACTION <br><br> STIPULATION OF PARTIAL SETTLEMENT <br><br> Assigned to: Judge Paul G. Cassell |



This Stipulation of Partial Settlement dated as of December 1, 2003 (the "Stipulation"), is made and entered into by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled Litigation: (i) The Lead Plaintiffs (on behalf of themselves and each of the Settlement Class Members), by and through their counsel of record in the Litigation; and (ii) the Settling Defendants, by and through their counsel of record in the Litigation. The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## I.     THE LITIGATION

On and after January 16, 2003, the following actions were filed in the United States District Court for the District of Utah, Central Division, as securities class actions on behalf of purchasers of ClearOne Communications, Inc. ("ClearOne") securities during a defined period of time:

(a)     *Anderton v. ClearOne Communications, Inc., et al.,* Case No. 2:03-CV-0062 PGC;

(b)     *Moore-Warner v. ClearOne Communications, Inc., et al.*, Case No. 2:03-CV-0084 PGC;

(c)     *Robinson v. ClearOne Communications, Inc., et al.*, Case No. 2:03-CV-0087 DAK;

(d)     *Korchak v. ClearOne Communications, Inc., et al.*, Case No. 2:03-CV-0110 TC;

(e)     *Goldman v. ClearOne Communications, Inc., et al.*, Case No. 2:03-CV-0111 TS;

(f)     *Schwartz v. ClearOne Communications, Inc., et al.*, Case No. 2:03-CV-0136 TS;

(g)     *Cussen v. ClearOne Communications, Inc., et al.,* Case No. 2:03-CV-0150 PGC;

(h)     *Bloom v. ClearOne Communications, Inc., et al.,* Case No. 2:03-CV-0166 BSJ; and

(i)     *Bergmann v. ClearOne Communications, Inc., et al.*, Case No. 2:03-CV-0178 DS.

These actions were consolidated for all purposes by an Order filed April 3, 2003. The consolidated actions are referred to herein collectively as the "Litigation." By Order filed May 1, 2003, the Court

appointed Richard F. Craven, Jill Larson and James Hansen as Lead Plaintiffs, approved Lead Plaintiffs' selection of Milberg Weiss Bershad Hynes & Lerach LLP as Lead Counsel.

The operative complaint in the Litigation is the Consolidated Complaint for Violations of the Federal Securities Laws (the "Complaint"), filed June 30, 2003. The Complaint alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder on behalf of a class of purchasers of ClearOne securities during the period April 17, 2001 and January 15, 2003. The defendants in the Litigation are ClearOne, Frances M. Flood, Susie S. Strohm, Randall J. Wichinski, Brad R. Baldwin, Edward Dallin Bagley, Michael A. Peirce, Harry Spielberg and David Weiner. Also named as a defendant in the Litigation is Ernst & Young, LLP ("Ernst & Young"), which is not a settling party herein. Lead Plaintiffs will continue to pursue their claims against Ernst & Young.

## II.    SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Settling Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Lead Plaintiffs in the Litigation. The Settling Defendants expressly have denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. The Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that the Lead Plaintiffs or the Settlement Class have suffered damage, that the prices of ClearOne securities were artificially inflated by reasons of alleged misrepresentations, non-disclosures or otherwise, or that the Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Complaint.

Nonetheless, the Settling Defendants have concluded that further conduct of the Litigation would be protracted and expensive, and that it is desirable that the Litigation be fully and finally

settled in the manner and upon the terms and conditions set forth in this Stipulation. The Settling

Defendants also have taken into account the uncertainty and risks inherent in any litigation,

especially in complex cases like this Litigation. The Settling Defendants have, therefore, determined

that it is desirable and beneficial to them that the Litigation be settled in the manner and upon the

terms and conditions set forth in this Stipulation.

## III.    CLAIMS OF THE LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

The Lead Plaintiffs believe that the claims asserted in the Litigation have merit and that the

evidence developed to date supports the claims. However, counsel for the Lead Plaintiffs recognize

and acknowledge the expense and length of continued proceedings necessary to prosecute the

Litigation against the Settling Defendants through trial and through appeals. Counsel for the Lead

Plaintiffs also have taken into account the uncertain outcome and the risk of any litigation, especially

in complex actions such as this Litigation, as well as the difficulties and delays inherent in such

litigation. Counsel for the Lead Plaintiffs also are mindful of the inherent problems of proof under

and possible defenses to the securities law violations asserted in the Litigation, as well as ClearOne's

precarious financial condition. Counsel for the Lead Plaintiffs believe that the settlement set forth in

the Stipulation confers substantial benefits upon the Settlement Class. Based on their evaluation,

counsel for the Lead Plaintiffs have determined that the settlement set forth in the Stipulation is in

the best interests of the Lead Plaintiffs and the Settlement Class.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the

Lead Plaintiffs (for themselves and the Settlement Class Members) and the Settling Defendants, by

and through their respective counsel or attorneys of record, that, subject to the approval of the Court,

the Litigation and the Released Claims shall be finally and fully compromised, settled and released,

and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

### 1.     Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any Settlement Class Member whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Authorized Stock Recipients" means Settlement Class Members and the attorneys for the Settlement Class to whom the Court orders that Settlement Stock shall be distributed.

1.3     "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

1.4     "Claims Administrator" and/or the "Receiver" means the firm of Gilardi & Co. LLC.

1.5     "Defendants" means ClearOne, the Individual Defendants and Ernst & Young.

1.6     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.7     "Escrow Agent" means the law firm of Milberg Weiss Bershad Hynes & Lerach LLP or its successor(s).

1.8     "Final" means when the last of the following with respect to the Judgment approving the Stipulation, substantially in the form of Exhibit B attached hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended

by Court order or otherwise, or unless the thirty-third (33rd) day falls on a weekend or a Court holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next business day after such thirty-third (33rd) day); and (iii) if such motion to alter or amend is filed or if an appeal is taken, three (3) business days after the determination of that motion or appeal in such a manner as to permit the consummation of the settlement substantially in accordance with the terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and reimbursement of expenses or any Plan of Allocation of the Settlement Fund, as hereinafter defined.

1.9    "Individual Defendants" means Frances M. Flood, Susie S. Strohm, Randall J. Wichinski, Brad R. Baldwin, Edward Dallin Bagley, Michael A. Peirce, Harry Spielberg and David Weiner.

1.10    "Judgment" means the judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit B.

1.11    "Lead Counsel" means Milberg Weiss Bershad Hynes & Lerach LLP.

1.12    "Lead Plaintiffs" means Richard F. Craven, Jill Larson and James Hansen.

1.13    "Non-Settling Defendant" means Ernst & Young, LLP and all of its predecessors, successors, partners, members, subsidiaries, divisions, and related or affiliated entities.

1.14    "Notification Date" means the date on which the Claims Administrator shall inform Settling Defendants' counsel that claims processing has been completed and that all or a portion of the Settlement Stock shall be distributed to all or some of the Authorized Claimants.

1.15    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.16    "Plaintiffs' Counsel" means all counsel who have appeared in the Litigation.

1.17    "Plaintiffs' Settlement Counsel" means Lead Counsel: Milberg Weiss Bershad Hynes & Lerach LLP, Patrick J. Coughlin, Ellen Gusikoff Stewart, 401 B Street, Suite 1700, San Diego, California, 92101.

1.18    "Plan of Allocation" means a plan or formula of allocation of the Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants after payment of expenses of notice and administration of the settlement, Taxes and Tax Expenses and such attorneys' fees, costs, expenses and interest as may be awarded by the Court.  Any Plan of Allocation is not part of the Stipulation and Settling Defendants and their Related Parties shall have no responsibility or liability with respect thereto.

1.19    "Related Parties" means each of a Settling Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, controlling shareholders, attorneys, personal or legal representatives, predecessors, successors, parents, subsidiaries, divisions, joint ventures, assigns, spouses, heirs, related or affiliated entities, any entity in which a Settling Defendant has a controlling interest, any members of an Individual Defendant's immediate family, or any trust of which any Individual Defendant is the settlor or which is for the benefit of an Individual Defendant's family.  Related Parties does not include the Non-Settling Defendant.

1.20    "Released Claims" shall collectively mean all claims (including "Unknown Claims" as defined in ¶1.29 hereof), demands, rights, liabilities and causes of action of every nature and

description whatsoever, known or unknown, whether or not concealed or hidden, asserted or that might have been asserted, including, without limitation, claims for negligence, gross negligence, breach of duty of care and/or breach of duty of loyalty, fraud, breach of fiduciary duty, or violations of any state or federal statutes, rules or regulations, by any Lead Plaintiff or Settlement Class Member against the Released Persons arising out of, based upon or related to both the purchase of ClearOne securities by any Lead Plaintiff or any Settlement Class Member during the Settlement Class Period and the facts, transactions, events, occurrences, acts, disclosures, statements, omissions, or failures to act which were or could have been alleged in the Litigation. Released Claims also includes any and all claims arising out of, relating to, or in connection with the settlement or resolution of the Litigation between the Settling Parties.

1.21    "Released Persons" means each and all of the Settling Defendants and their Related Parties. Released Persons does not include the Non-Settling Defendant.

1.22    "Settlement Class" means all Persons who purchased or acquired ClearOne securities during the period between April 17, 2001 and January 15, 2003, inclusive. Excluded from the Settlement Class are the Settling Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of ClearOne, and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity, and Ernst & Young.

1.23    "Settlement Class Member" or "Member of the Settlement Class" mean a Person who falls within the definition of the Settlement Class as set forth in ¶1.22 of the Stipulation.

1.24    "Settlement Class Period" means the period from April 17, 2001 through January 15, 2003, inclusive.

1.25    "Settlement Fund" means:

(a)    the principal amount of Five Million Dollars ($5,000,000) in cash to be paid by wire transfer to the Escrow Agent pursuant to ¶2.1 of this Stipulation, plus all interest earned thereon; and

(b)    the Settlement Stock, subject to the terms and conditions of, and to be distributed, as set forth herein.

1.26    "Settlement Stock" means 1,200,000 shares of ClearOne common stock, which shall be issued under §3(a)(10) of the Securities Act of 1933, as amended, exempt from registration. The total number of shares of stock will be adjusted to reflect any stock splits or reverse stock splits that occur from October 1, 2003 until the date of distribution. The date of distribution of the Settlement Fund to Authorized Claimants shall be deemed to be thirty (30) days from the date Plaintiffs' Settlement Counsel notifies ClearOne's transfer agent in writing that it should distribute the Settlement Stock.

1.27    "Settling Defendants" means ClearOne and the Individual Defendants.

1.28    "Settling Parties" means, collectively, each of the Settling Defendants and the Lead Plaintiffs on behalf of themselves and the Members of the Settlement Class.

1.29    "Unknown Claims" means any Released Claims which any Lead Plaintiff or Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Lead Plaintiffs shall expressly and each of the

Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights and benefits of California Civil Code §1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

The Lead Plaintiffs shall expressly and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable and equivalent to California Civil Code §1542. The Lead Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but each Lead Plaintiff shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Lead Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

**2.      The Settlement**

      **a.      The Cash Portion of the Settlement Fund**

2.1      The principal amount of $5,000,000 in cash shall be transferred to the Escrow Agent by ClearOne or on its behalf in the following manner:

      (a)      Two Million Five Hundred Thousand Dollars shall be paid to the Escrow Agent on or before November 17, 2003.

      (b)      Two Million Five Hundred Thousand Dollars shall be paid to the Escrow Agent on or before January 15, 2005.

If the agreed upon sum is not so transferred, the untransferred portion shall bear interest at 8% per annum from the date due until transferred to the Escrow Agent. If ClearOne fails to pay the total $2.5 million due by January 15, 2005 by that date, Lead Plaintiffs may terminate the settlement and if the Judgment has been entered, it will be vacated upon motion by the Lead Plaintiffs.

      **b.      The Settlement Stock Portion of the Settlement Fund**

2.2      ClearOne is obligated to deliver or cause to be delivered the Settlement Stock to Authorized Claimants and Plaintiffs' Settlement Counsel in accordance with the instructions provided to the ClearOne stock transfer agent by Plaintiffs' Settlement Counsel or the Claims Administrator.  Each and all shares of the Settlement Stock shall be exempt from registration under §3(a)(10) of the Securities Act of 1933 (the "1933 Act"), freely tradeable and free from any liens and encumbrances upon delivery to Authorized Claimants and Plaintiffs' Settlement Counsel.  Within ten (10) days before the distribution of the Settlement Stock to Authorized Claimants, ClearOne shall provide Lead Counsel with the written opinion of ClearOne's outside counsel substantially to the effect: (a) that the Settlement Stock will be issued in compliance with the registration requirements of §5 of the 1933 Act or will be issued in reliance upon an exemption therefrom; (b) that the

Settlement Stock is fully tradeable without any restriction after distribution; and (c) that such shares are otherwise fully paid, non-assessable and free from all liens and encumbrances.

2.3     To facilitate the issuance and distribution of the Settlement Stock, the Settling Parties shall request the Court to appoint Gilardi & Co. LLC as receiver in connection therewith. ClearOne shall hold Gilardi & Co. LLC harmless from all claims, demands, liabilities, rights, causes of action, or proceedings asserted against Gilardi & Co. LLC in its capacity as receiver for the distribution of unregistered securities.

2.4     ClearOne's transfer agent will be provided with a list identifying each Authorized Claimant (the "Distribution List") and Plaintiffs' Counsel who are entitled to receive Settlement Stock and the number of shares of Settlement Stock to be issued to each such Person. To the extent that the Court authorizes the distribution of a portion of the Settlement Stock as payment of any portion of the attorneys' fees to counsel for the Lead Plaintiffs, ClearOne shall direct its stock transfer agent to issue and the Receiver shall thereafter distribute the Settlement Stock on or before the tenth (10th) business day following the award of said attorneys' fees. No fractional shares of Settlement Stock will be issued, and thus, the calculation of the number of shares to be distributed will be rounded up or down to the nearest whole share. In addition, Settlement Stock will be distributed to Authorized Claimants who reside in states where the Settlement Stock is exempt from registration or qualification under applicable "Blue Sky" laws. For Authorized Claimants who reside in states where the Settlement Stock is not exempt, appropriate adjustments will be made to equalize the value of their distribution under the Plan of Allocation. ClearOne shall direct its stock transfer agent to distribute certificates for shares of ClearOne common stock to Authorized Claimants within thirty (30) business days of receipt of the Distribution List to the Persons and in the

- 11 -

amounts shown on said Distribution List in a transaction exempt under §3(a)(10) of the 1933 Act. All costs associated with the delivery of the Settlement Stock shall be borne by ClearOne.

### c.    Additional Consideration for the Settlement

2.5    As additional consideration for the settlement, the Settling Defendants and ClearOne's current employees agree to appear and testify as witnesses as requested by Lead Counsel for deposition and at any trial of the Litigation against the Non-Settling Defendant provided that the location of the deposition and the trial shall remain in Salt Lake City, Utah, and provided further that Lead Counsel shall advance the reasonable expenses of any such person who does not at the time live within 100 miles of Salt Lake City, Utah. ClearOne, on behalf of its current and former employees, and the Settling Defendants waive any challenge to any deposition or trial witness subpoena. ClearOne will also make available to Lead Counsel for informal interview the Individual Defendants and the current officers of ClearOne, at reasonable expense to plaintiffs (including reimbursement of reasonable attorneys' fees and costs), upon reasonable notice and at a reasonable time and place. ClearOne will assist Lead Counsel in identifying, locating and arranging interviews of former employees of ClearOne who Lead Counsel wish to interview. ClearOne will also produce documents to Lead Counsel without formal requests, at reasonable expense to plaintiffs (including reimbursement of reasonable attorneys' fees and costs), upon reasonable notice and at a reasonable time and place. These documents will include any documents produced by ClearOne or any Individual Defendant to the Securities and Exchange Commission or to the United States Attorneys' Office. ClearOne shall not be required to produce privileged documents and/or non-public documents concerning ongoing operations which are not related to the allegations in the Action. Notwithstanding anything in this ¶2.5 to the contrary, plaintiffs shall not be required to reimburse the Settling Defendants, ClearOne or ClearOne's current employees for the reasonable attorneys' fees

incurred as a result of their obligations hereunder, unless and until such attorneys' fees and costs exceed $15,000 in the aggregate from all such representations. To the extent the aggregate cost of such representations exceeds $15,000, plaintiffs shall pay the reasonable costs. The good faith cooperation of the Settling Defendants identified in this paragraph is a condition to the settlement. If the Settling Defendants do not cooperate in good faith with plaintiffs as set forth in this paragraph by refusing to provide the documents referred to above or failing to appear for interviews or deposition, Plaintiffs' Settlement Counsel may terminate the settlement by giving written notice to counsel for the Settling Defendants before the Settlement Hearing. If Plaintiffs' Settlement Counsel terminate the settlement, the Settling Parties shall be restored to their respective positions prior to the execution of the Memorandum of Understanding dated as of September 30, 2003, and the cash portion of the Settlement Fund, plus interest earned, less the cost of notice and other administrative costs incurred, shall be returned to the Settling Defendants. Upon execution of this Stipulation, the stay of discovery pursuant to the Private Securities Litigation Reform Act of 1995 shall terminate with respect to the Settling Defendants.

### d.    The Escrow Agent

2.6    The Escrow Agent shall invest the cash portion of the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Escrow Agent shall bear all risks related to investment of the cash portion of the Settlement Fund.

2.7     The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or with the written agreement of counsel for the Settling Defendants.

2.8     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class Members as are consistent with the terms of the Stipulation.

2.9     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.10     Within five (5) days after payment of the first $2.5 million of the cash portion of the Settlement Fund to the Escrow Agent pursuant ¶2.1(a) hereof, the Escrow Agent may establish a "Class Notice and Administration Fund," and may deposit up to $100,000 from the Settlement Fund in it. The Class Notice and Administration Fund may be used by Plaintiffs' Settlement Counsel to pay costs and expenses reasonably and actually incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any. The Class Notice and Administration Fund may also be invested and earn interest as provided for in ¶2.6 of this Stipulation.

###### e.     Taxes

2.11     (a)     Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out

the provisions of this ¶2.11, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶2.11(a) hereof) shall be consistent with this ¶2.11 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.11(c) hereof.

(c)    All (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Settling Defendants or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.11 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.11) ("Tax Expenses"), shall be paid out of the Settlement Fund; in all events the Settling Defendants and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Escrow Agent shall

- 15 -

indemnify and hold each of the Settling Defendants and their counsel harmless for Taxes and Tax

Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of

the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund

without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding

anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds

necessary to pay such amounts including the establishment of adequate reserves for any Taxes and

Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg.

§1.468B-2(l)(2)); neither the Settling Defendants nor their counsel are responsible nor shall they

have any liability therefor.  The parties hereto agree to cooperate with the Escrow Agent, each other,

and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions

of this ¶2.11.

(d)    For the purpose of this ¶2.11, references to the Settlement Fund shall include

both the Settlement Fund and the Class Notice and Administration Fund and shall also include any

earnings thereon.

**f.    Termination of Settlement**

2.12    In the event that the Stipulation is not approved, or is terminated, canceled, or fails to

become effective for any reason, the Settlement Fund (including accrued interest) less expenses

actually incurred or due and owing in connection with the settlement provided for herein, shall be

refunded to the Settling Defendants.

**3.    Notice Order and Settlement Hearing**

3.1    Promptly after execution of the Stipulation, the Settling Parties shall submit the

Stipulation together with its Exhibits to the Court and shall apply for entry of an order (the "Notice

Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation, certification of a Settlement Class for purposes of settlement only, and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice (the "Summary Notice"), substantially in the forms of Exhibits A-1 and A-3 attached hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application as defined in ¶6.1 hereof and the date of the Settlement Hearing as defined below.

3.2    Plaintiffs' Settlement Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and, pursuant to Federal Rule of Civil Procedure 23 and §3(a)(10) of the 1933 Act, approve the settlement of the Litigation as set forth herein as fair, reasonable and adequate and in the best interests of the Settlement Class. At or after the Settlement Hearing, Plaintiffs' Settlement Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application.

**4.    Releases**

4.1    Upon the Effective Date, as defined in ¶1.6 hereof, the Lead Plaintiffs and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

4.2    The Proof of Claim and Release to be executed by Settlement Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.3    Upon the Effective Date, as defined in ¶1.6 hereof, each of the Released Persons shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and all of the Lead Plaintiffs, the Settlement Class Members and counsel to the Lead Plaintiffs from all claims (including "Unknown Claims"), arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Litigation or the Released Claims.

**5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund**

5.1    Gilardi & Co. LLC is hereby appointed Claims Administrator to supervise and administer the notice process as well as process claims as more fully set forth below and elsewhere in this Stipulation.

5.2    The Settlement Fund shall be applied as follows:

(a)    to pay counsel to Lead Plaintiffs' attorneys' fees and expenses with interest thereon (the "Fee and Expense Award"), if and to the extent allowed by the Court;

(b)    to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating Settlement Class Members, soliciting Settlement Class claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms and paying escrow fees and costs, if any;

(c)    to pay the Taxes and Tax Expenses described in ¶2.11 hereof; and

(d)    to distribute the balance of the Settlement Fund (the "Net Settlement Fund") to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may

be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following.

5.4     Within ninety (90) days after the mailing of the Notice or such other time as may be set by the Court, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.5     Except as otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a Proof of Claim and Release within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice and approved by the Court.

5.7     The Settling Defendants (except as provided in ¶¶2.2-2.4) shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.8     No Person shall have any claim against the Lead Plaintiffs, Plaintiffs' Settlement Counsel, any claims administrator, any receiver, the Settling Defendants or their counsel based on

the distributions made substantially in accordance with the Stipulation and the settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

     5.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other order(s) entered pursuant to the Stipulation.

**6.    Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses**

     6.1    The Lead Plaintiffs or their counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual expenses, including the fees of any experts or consultants incurred in connection with prosecuting the Litigation, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the cash portion of the Settlement Fund (until paid) as may be awarded by the Court. Plaintiffs' Counsel reserve the right to make additional applications for fees and expenses incurred.

     6.2    The attorneys' fees, expenses and costs, including the fees of experts and consultants, as awarded by the Court from the Settlement Fund, shall be paid to Plaintiffs' Settlement Counsel from the Settlement Fund (the "Fee and Expense Award"), as ordered, immediately after the Court executes an order awarding such fees and expenses. Plaintiffs' Settlement Counsel shall thereafter allocate the Fee and Expense Award among Plaintiffs' Counsel in a manner in which they in good

faith believe reflects the contributions of such counsel to the prosecution and settlement of the Litigation.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Plaintiffs' counsel shall within five (5) business days from receiving notice from Settling Defendants' counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the cash portion of the Settlement Fund in an amount consistent with such reversal or modification.  If all or any portion of the Settlement Stock has been distributed to Plaintiffs' Counsel as payment of all or any portion of the Fee and Expense Award and such reversal or modification occurs, then Plaintiffs' Counsel shall return to ClearOne the Settlement Stock they have received, consistent with such reversal or modification.  If Lead Plaintiffs' counsel has liquidated all or any portion of the Settlement Stock they received as payment of the Fee and Expense Award, then Lead Plaintiffs' counsel shall reimburse to ClearOne the sums received in the liquidation, consistent with such reversal or modification together with accrued interest on any such amount at the average rate earned on the Settlement Fund from the time of the liquidation until the date of the refund.  Each such Plaintiffs' Counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3    The procedure for and the allowance or disallowance by the Court of any applications by any of the counsel to the Lead Plaintiffs for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth

in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Litigation set forth therein.

6.4     The Settling Defendants and their Related Parties shall have no responsibility for any payment of attorneys' fees and expenses to Plaintiffs' Settlement Counsel over and above payment of the Settlement Fund.

6.5     The Settling Defendants and their Related Parties shall have no responsibility for the allocation among Plaintiffs' Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation, and Settling Defendants and their respective Related Parties take no position with respect to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     the Settling Defendants have timely made their contributions to the Settlement Fund as required by ¶¶2.1-2.3 hereof;

(b)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(c)     the Settling Defendants have not exercised their option to terminate the Stipulation pursuant to ¶7.3 hereof and Lead Plaintiffs' counsel have not given written notice of their intent to terminate the settlement under ¶2.5, above;

- 22 -

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto; and

(e)     the Judgment has become Final, as defined in ¶1.8 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of the Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.5 hereof unless Plaintiffs' Settlement Counsel and counsel for the Settling Defendants mutually agree in writing to proceed with the Stipulation.

7.3     The Settling Defendants shall have the option to terminate the settlement in the event that putative Settlement Class Members who purchased more than a certain number of shares of ClearOne securities during the Settlement Class Period choose to exclude themselves from the Settlement Class, as set forth in a separate agreement (the "Supplemental Agreement") executed between the Settling Parties.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Settling Defendants, or Plaintiffs' Settlement Counsel to the Escrow Agent, subject to the terms of ¶2.12 hereof, the Settlement Fund (including accrued interest), plus any amount then remaining in the Class Notice and Administration Fund (including accrued interest), less expenses and any costs which have either been disbursed pursuant to ¶2.10 hereof, or are determined to be chargeable to the Class Notice and Administration Fund, shall be refunded by the Escrow Agent pursuant to written instructions from Settling Defendants' counsel.  At the request of counsel to the Settling Defendants, the Escrow Agent or its designee shall

- 23 -

apply for any tax refund owed on the cash portion of the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, at the written direction of counsel to the Settling Defendants.

7.5     In the event that the Stipulation is not approved by the Court or the settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Litigation as of September 30, 2003. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.29, 2.10-2.11, 7.3-7.6, 8.8-8.13 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to the Lead Plaintiffs or any of their counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.6     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund. In addition, any expenses already incurred and properly chargeable to the Class Notice and Administration Fund pursuant to ¶2.10 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.12 and 7.4 hereof.

## 8.    Miscellaneous Provisions

8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

8.2    The Settling Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation.  The settlement compromises claims which are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Final Judgment will contain a statement that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Litigation was brought or defended in bad faith or without a reasonable basis.

8.3    Neither the Stipulation nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Settling Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Settling Defendants in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Settling Defendants may file the Stipulation and/or the Judgment in any action that may be brought

- 25 -

against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

8.5    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.6    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.7    The Stipulation and the Exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties or inducements have been made to any party concerning the Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  Except as otherwise provided herein, each party shall bear its own costs.

8.8    Plaintiffs' Settlement Counsel, on behalf of the Settlement Class, are expressly authorized by the Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate.

8.9    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

8.10    The Stipulation may be executed in one or more counterparts.    All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of original executed counterparts shall be filed with the Court.

8.11    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

8.12    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

8.13    The Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Utah, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Utah without giving effect to that State's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated as of December 1, 2003.

<div style="margin-left: 45%;">

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
HELEN J. HODGES
KATHLEEN A. HERKENHOFF
ELLEN GUSIKOFF STEWART
ELIZABETH J. ARLEO
THOMAS E. GLYNN

_____
   ELLEN GUSIKOFF STEWART

</div>

401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

MILBERG WEISS BERSHAD
   HYNES & LERACH LLP
PATRICK J. COUGHLIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

PARSONS BEHLE & LATIMER
RAYMOND J. ETCHEVERRY
KENT O. ROCHE

_____
            RAYMOND J. ETCHEVERRY

201 South Main Street
Suite 1800
Salt Lake City, UT 84111
Telephone: 801/532-1234
801/536-6111 (fax)

Attorneys for Defendant ClearOne
Communications, Inc.

SNOW CHRISTENSEN & MARTINEAU
MAX D. WHEELER
RICHARD A. VAN WAGONER


_____
        RICHARD A. VAN WAGONER

10 Exchange Place
P.O. Box 45000
Salt Lake City, Utah 84145-5000
Telephone: 801/521-9000
801/363-0400 (fax)

Attorneys for Defendant Frances M. Flood

- 28 -

401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
PATRICK J. COUGHLIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

PARSONS BEHLE & LATIMER
RAYMOND J. ETCHEVERRY
KENT O. ROCHE

_____
        RAYMOND J. ETCHEVERRY

201 South Main Street
Suite 1800
Salt Lake City, UT 84111
Telephone: 801/532-1234
801/536-6111 (fax)

Attorneys for Defendant ClearOne
Communications, Inc.

SNOW CHRISTENSEN & MARTINEAU
MAX D. WHEELER
RICHARD A. VAN WAGONER

_____
      RICHARD A. VAN WAGONER

10 Exchange Place
P.O. Box 45000
Salt Lake City, Utah 84145-5000
Telephone: 801/521-9000
801/363-0400 (fax)

Attorneys for Defendant Frances M. Flood

- 28 -

BENDINGER, CROCKETT, PETERSON
  & CASEY
MILO STEVEN MARSDEN
JEFFREY S. WILLIAMS


_____
    MILO STEVEN MARSDEN

170 South Main Street
Suite 400
Salt Lake City, Utah 83101
Telephone:  801/533-8383
801/531-1486 (fax)

Attorneys for Defendant Susie S. Strohm

BURBIDGE & MITCHELL
RICHARD D. BURBIDGE
JEFFERSON W. GROSS


_____
    JEFFERSON W. GROSS

215 South State Street
Suite 920
Salt Lake City, Utah 84111
Telephone:  801/355-6677
801/355-2341 (fax)

Attorneys for Defendant Edward Dallin Bagley

BALLARD SPAHR ANDREWS &
  INGERSOLL, LLP
DAVID B. WATKISS
JEFFREY W. SHIELDS


_____
    JEFFREY W. SHIELDS

- 29 -

BENDINGER, CROCKETT, PETERSON
  & CASEY
MILO STEVEN MARSDEN
JEFFREY S. WILLIAMS


_____
          MILO STEVEN MARSDEN

170 South Main Street
Suite 400
Salt Lake City, Utah 83101
Telephone:  801/533-8383
801/531-1486 (fax)

Attorneys for Defendant Susie S. Strohm

BURBIDGE & MITCHELL
RICHARD D. BURBIDGE
JEFFERSON W. GROSS


_____
          JEFFERSON W. GROSS

215 South State Street
Suite 920
Salt Lake City, Utah 84111
Telephone:  801/355-6677
801/355-2341 (fax)

Attorneys for Defendant Edward Dallin Bagley

BALLARD SPAHR ANDREWS &
  INGERSOLL, LLP
DAVID B. WATKISS
JEFFREY W. SHIELDS

_____
          JEFFREY W. SHIELDS

- 29 -

201 South Main Street
Suite 600
Salt Lake City, Utah 84111
Telephone: 801/531-3000
801/531-3001 (fax)

Attorneys for Defendant Randall J. Wichinski

KRUSE LANDA MAYCOCK & RICKS, LLC
STEVEN G. LOOSLE
KEVIN C. TIMKEN

_____
        STEVEN G. LOOSLE

50 West Broadway
Suite 800
Salt Lake City, Utah 84101
Telephone: 801/531-7090
801/531-7091 (fax)

Attorneys for Defendant Brad R. Baldwin

SEAN N. EGAN


_____
        SEAN N. EGAN

136 South Main Street
Suite 408
Salt Lake City, Utah 84101
Telephone: 801/363-5181
801/363-5184 (fax)

Attorneys for Defendant Harry Spielberg

DORSEY & WHITNEY
NOLAN S. TAYLOR
J. DAVID JACKSON


_____
        NOLAN S. TAYLOR

- 30 -

201 South Main Street
Suite 600
Salt Lake City, Utah 84111
Telephone:  801/531-3000
801/531-3001 (fax)

Attorneys for Defendant Randall J. Wichinski

KRUSE LANDA MAYCOCK & RICKS, LLC
STEVEN G. LOOSLE
KEVIN C. TIMKEN


_____
        STEVEN G. LOOSLE

50 West Broadway
Suite 800
Salt Lake City, Utah 84101
Telephone:  801/531-7090
801/531-7091 (fax)

Attorneys for Defendant Brad R. Baldwin

SEAN N. EGAN

_____
        SEAN N. EGAN

136 South Main Street
Suite 408
Salt Lake City, Utah 84101
Telephone:  801/363-5181
801/363-5184 (fax)

Attorneys for Defendant Harry Spielberg

DORSEY & WHITNEY
NOLAN S. TAYLOR
J. DAVID JACKSON


_____
        NOLAN S. TAYLOR

- 30 -

201 South Main Street
Suite 600
Salt Lake City, Utah 84111
Telephone: 801/531-3000
801/531-3001 (fax)

Attorneys for Defendant Randall J. Wichinski

KRUSE LANDA MAYCOCK & RICKS, LLC
STEVEN G. LOOSLE
KEVIN C. TIMKEN

_____
STEVEN G. LOOSLE

50 West Broadway
Suite 800
Salt Lake City, Utah 84101
Telephone: 801/531-7090
801/531-7091 (fax)

Attorneys for Defendant Brad R. Baldwin

SEAN N. EGAN

_____
SEAN N. EGAN

136 South Main Street
Suite 408
Salt Lake City, Utah 84101
Telephone: 801/363-5181
801/363-5184 (fax)

Attorneys for Defendant Harry Spielberg

DORSEY & WHITNEY
NOLAN S. TAYLOR
J. DAVID JACKSON

_____
NOLAN S. TAYLOR

- 30 -

170 South Main Street
Suite 900
Salt Lake City, Utah 84101
Telephone:  801/933-7360
801/933-7373 (fax)

Attorneys for Defendant David Wiener

S:\Settlement\ClearOne.set\STP00003029.doc

# Exhibits/ Attachments to this document have **not** been scanned.

# Please see the case file.