MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
WILLIAM S. LERACH
HELEN J. HODGES
KATHLEEN A. HERKENHOFF
ELLEN GUSIKOFF STEWART
ELIZABETH J. ARLEO
THOMAS E. GLYNN
401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
 – and –
PATRICK J. COUGHLIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DEBORAH ANDERTON, Individually and on Behalf of All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>vs.<br><br>CLEARONE COMMUNICATIONS, INC., et al.,<br><br>                     Defendants. | Master File No. 2:03-CV-0062-PGC<br>**(Consolidated)**<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE<br><br><br>Assigned to: Judge Paul G. Cassell |

WHEREAS, a class action is pending before the Court entitled *Anderton v. ClearOne Communications, Inc., et al.*, Master File No. 2:03-CV-0062-PGC (the "Litigation");

WHEREAS, the Court has received the Stipulation of Settlement dated as of December 1, 2003 (the "Stipulation"), that has been entered into by the Lead Plaintiffs and Settling Defendants, and the Court has reviewed the Stipulation and its attached exhibits; and

WHEREAS, the parties having made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with the Stipulation which, together with the exhibits annexed thereto sets forth the terms and conditions for a proposed settlement of the Litigation and for dismissal of the Litigation with prejudice against the Settling Defendants upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court does hereby preliminarily approve the Stipulation and the settlement set forth therein, subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of effectuating this settlement, a class consisting of all Persons who purchased or acquired ClearOne securities during the period between April 17, 2001 and January 15, 2003, inclusive. Excluded from the Settlement Class are the Settling Defendants, members of the immediate families of the Individual Defendants, any entity in which any Defendant has or had a controlling interest, directors and officers of ClearOne, and the legal representatives, heirs, successors, or assigns of any such excluded Person or entity, and Ernst & Young, LLP. Also

excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the "Notice of Pendency and Proposed Partial Settlement of Class Action" to be sent to the Settlement Class. Neither any Defendant named in any complaint in the Litigation, nor any of Defendants' Related Parties shall be entitled to submit a Proof of Claim form as a Settlement Class Member. Notwithstanding this paragraph 2, all present and former ClearOne officers, directors and employees who were employed by, or were directors of, E.Mergent at the time of the acquisition of E. Mergent by ClearOne may submit a Proof of Claim form as a Settlement Class Member.

3. With respect to the Settlement Class, this Court finds and concludes that (a) the members of the class are so numerous that joinder of all members in the Litigation is impracticable; (b) there are questions of law and fact common to the class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the class; (d) the Lead Plaintiffs and their counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by Members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of the claims in the particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

4. A hearing (the "Settlement Hearing") shall be held before this Court on March 16, 2004, at 2:30 p.m., at the United States Courthouse, 350 South Main Street, Salt Lake City, Utah, to determine whether the proposed settlement of the Litigation on the terms and conditions provided for

in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court pursuant to Rule 23 of the Federal Rules of Civil Procedure and §3(a)(10) of the Securities Act of 1933; whether a Judgment as provided in ¶1.10 of the Stipulation should be entered herein; whether the proposed Plan of Allocation should be approved; and to determine the amount of fees and expenses that should be awarded to Lead Plaintiffs' counsel. The Court may adjourn the Settlement Hearing without further notice to Members of the Settlement Class.

5. The Court approves, as to form and content, the Notice of Pendency and Proposed Partial Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), and Summary Notice for publication annexed as Exhibits A-1, A-2 and A-3 hereto, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice substantially in the manner and form set forth in ¶¶6-7 of this Order meet the requirements of Federal Rule of Civil Procedure 23 and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. Gilardi & Co. LLC ("Claims Administrator") is hereby retained to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below. Gilardi & Co. LLC is hereby appointed as Receiver for purposes of the issuance and distribution of the Settlement Stock to Authorized Claimants.

(a) Plaintiffs' Settlement Counsel shall make reasonable efforts to identify all persons who are Members of the Settlement Class, and not later than January 9, 2004 (the "Notice Date"), Plaintiffs' Settlement Counsel shall cause a copy of the Notice and the Proof of Claim, substantially in the form annexed as Exhibits A-1 and A-2, to be mailed by first class mail to all Settlement Class Members who can be identified with reasonable effort;

(b) Not later than January 17, 2004, Plaintiffs' Settlement Counsel shall cause the Summary Notice to be published once in *Investor's Business Daily*; and

(c) At least seven (7) calendar days prior to the Settlement Hearing, Plaintiffs' Settlement Counsel shall cause to be served on Settling Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing and publishing.

7. Nominees who purchased or acquired the securities of ClearOne during the period beginning April 17, 2001 through January 15, 2003, inclusive, shall send the Notice and the Proof of Claim to all beneficial owners of such ClearOne securities within ten (10) days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and Proof of Claim to such beneficial owners. Plaintiffs' Settlement Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation.

8. All Members of the Settlement Class shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Settlement Class.

9. Settlement Class Members who wish to participate in the settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than ninety (90) days from the Notice Date. Any Settlement Class Member who does not timely submit a Proof of Claim

within the time provided for, shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

10. Any Member of the Settlement Class may enter an appearance in the Litigation, at their own expense, individually or through counsel of their own choice. If they do not enter an appearance, they will be represented by Plaintiffs' Settlement Counsel.

11. Any Member of the Settlement Class may appear and show cause, if he, she or it has any, why the proposed settlement of the Litigation should or should not be approved as fair, reasonable and adequate, why a judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to counsel for the Lead Plaintiffs; provided, however, that no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to counsel for the Lead Plaintiffs, unless that Person has delivered by hand or sent by first class mail written objections and copies of any papers and briefs such that they are received on or before February 18, 2004, by Milberg Weiss Bershad Hynes & Lerach LLP, Ellen Gusikoff Stewart, 401 B Street, Suite 1700, San Diego, California 92101; and Parsons Behle & Latimer, Raymond J. Etcheverry, One Utah Center, 201 South Main Street, Suite 1800, Salt Lake City, Utah 84145, and filed said objections, papers and briefs with the Clerk of the United States District Court for the District of Utah, Central Division, on or before February 18, 2004. Any Member of the Settlement Class who does not make his, her or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as set forth in the Stipulation, to the Plan of Allocation, or to

the award of attorneys' fees and expenses to counsel for the Lead Plaintiffs, unless otherwise ordered by the Court.

12. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

13. All papers in support of the settlement, the Plan of Allocation, and any application by counsel for the Lead Plaintiffs for attorneys' fees or reimbursement of expenses shall be filed and served fourteen (14) days before the Settlement Hearing.

14. Neither Settling Defendants and their Related Parties nor Settling Defendants' counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or reimbursement of expenses submitted by Lead Plaintiffs' counsel, and such matters will be considered separately from the fairness, reasonableness and adequacy of the settlement.

15. At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Plaintiffs' Settlement Counsel, and any application for attorneys' fees or reimbursement of expenses shall be approved.

16. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiffs nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed from the Class Notice and Administration Fund.

17. Neither the Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Settling

Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind.

18. The Court reserves the right to adjourn the date of the Settlement Hearing without further notice to the Members of the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

DATED: 12/12/03

THE HONORABLE PAUL G. CASSELL
UNITED STATES DISTRICT JUDGE

Submitted by:

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
WILLIAM S. LERACH
HELEN J. HODGES
KATHLEEN A. HERKENHOFF
ELLEN GUSIKOFF STEWART
ELIZABETH J. ARLEO
THOMAS E. GLYNN


ELLEN GUSIKOFF STEWART

401 B Street, Suite 1700
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

MILBERG WEISS BERSHAD
 HYNES & LERACH LLP
PATRICK J. COUGHLIN
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone: 415/288-4545
415/288-4534 (fax)

Lead Counsel for Plaintiffs

S:\Settlement\ClearOne.set\ORD00003063.e-a.doc

United States District Court
for the
District of Utah
December 16, 2003


* * CERTIFICATE OF SERVICE OF CLERK * *


Re: 2:03-cv-00062


True and correct copies of the attached were either mailed, faxed or e-mailed by the clerk to the following:

    David J. Jordan, Esq.
    STOEL RIVES LLP
    201 S MAIN ST STE 1100
    SALT LAKE CITY, UT  84111-4904
    EMAIL

    Peter A. Wald, Esq.
    LATHAM & WATKINS LLP
    505 MONTGOMERY STE 1900
    SAN FRANCISCO, CA  94111-2562

    Jamie L. Wine, Esq.
    LATHAM & WATKINS LLP
    633 W FIFTH ST STE 4000
    LOS ANGELES, CA  90071

    Mr. Richard D Burbidge, Esq.
    BURBIDGE & MITCHELL
    215 S ST ST STE 920
    SALT LAKE CITY, UT  84111
    EMAIL

    Steven G. Loosle, Esq.
    KRUSE LANDA MAYCOCK & RICKS
    50 W BROADWAY STE 800
    PO BOX 45561
    SALT LAKE CITY, UT  84145-0561
    EMAIL

    William S. Lerach, Esq.
    MILBERG BERSHAD HYNES & LERACH
    401 B ST STE 1700
    SAN DIEGO, CA  92101

    Patrick J. Coughlin, Esq.
    MILBERG WEISS BERSHAD HYNES & LERACH
    100 PINE ST STE 2600
    SAN FRANCISCO, CA  94111

    Mr. Milo Steven Marsden, Esq.

BENDINGER CROCKETT PETERSON & CASEY
170 S MAIN STE 400
SALT LAKE CITY, UT  84101-1664
EMAIL

Mr. Max D Wheeler, Esq.
SNOW CHRISTENSEN & MARTINEAU
10 EXCHANGE PLACE
PO BOX 45000
SALT LAKE CITY, UT  84145-5000
EMAIL

Mr. Raymond J Etcheverry, Esq.
PARSONS BEHLE & LATIMER
201 S MAIN ST STE 1800
PO BOX 45898
SALT LAKE CITY, UT  84145-0898
EMAIL